# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

**SUSAN V. KLAT,**

P.O. Box 1442
Poway, California 92074
Phone # (760) 420-7218
Facsimile # (619) 924-7526

*Plaintiff,*

-vs.-

**ANGELA D. CAESAR**, Individual,

United States District Court
for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001
(Defendant's Business Address)

**JAMES E. BOASBERG**, Individual,

United States District Court
for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001
(Defendant's Business Address)

and DOES 1 – 25, Inclusive,

*Defendants.*

**Case: 1:26–cv–00192**
**Assigned To : Ali, Amir H.**
**Assign. Date : 1/21/2026**
**Description: Pro Se Gen. Civ. (F–DECK)**

**VERIFIED COMPLAINT FOR DAMAGES ("BIVENS ACTION")**

RECEIVED
Mailroom
JAN 2 1 2026
Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

## VERIFIED COMPLAINT FOR DAMAGES ("BIVENS ACTION")

Plaintiff Susan V. Klat, proceeding pro se, files this civil action ("Bivens Action") against the parties named, with each party sued in their *"individual"* capacity—separate from employment immunity protections granted when acting within their official capacities performing duties under the color of federal authority—alleges that the defendants' conduct is unlawful, discriminatory, unconstitutional, and in violation of fundamental due process and equal protection of federal laws guaranteed under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution as follows:

1

# I.
## INTRODUCTION

1.      On December 18, 2025, the plaintiff filed a Title 42 U.S.C. §1983 - Bivens complaint in the United States District Court for the District of Columbia, seeking damages for injuries caused by a group of federal employees sued individually, versus in their professional capacities for the injuries inflicted, for damages incurred while performing tasks under pretense of federal authority to prevent the plaintiff from accessing federal court to seek justice for the targeting and deadly shooting of the plaintiff's unarmed 25-year-old grandson who was killed in Birdrock, La Jolla, California on the morning of July 6, 2024. The plaintiff's documents, along with the filing fees, were marked "received" (but not acknowledged, aside from the check being cashed) by the clerk's office at the District of Columbia courthouse on December 22, 2025. Upon receipt, the complaint and statement of related cases were "assigned" to an absentee judge (Amir H. Ari), who returned to the courthouse on January 12, 2026, with a mock minute order posted in the Court's Pacer system on January 5, 2026, by Angela D. Caesar, and with this case placed on an indefinite hold until further notice. Like the earlier civil action, this new complaint is also based on constitutional violations permitted under Title 42 U.S. Code §1983, emphasizing that fair and equal treatment, and impartial access to the courts are guaranteed constitutional rights that cannot be selectively censored or denied, and that these rights are protected under the U.S. Constitution and federal law.

# II.
## JURISDICTION AND VENUE

2.      This Court has jurisdiction over all causes of action under Title 28 U.S. Code §1331 because the infringements identified arise under core rights protected by the Constitution and laws of the United States, thus raising a federal question. In addition, this Court also has concurrent

jurisdiction over all other claims pursuant to Title 28 U.S. Code 1332 (a) (diversity– citizens of another state), with the amount in controversy exceeding $75,000, exclusive of interests and costs, as well as Title 28 U.S. Code § 1367 because this claim arises from a common nucleus of operative facts that are so intertwined they cannot be reasonably separated due to the extent of injury involved.

3.      Venue in this judicial district is proper under Title 28 U.S.C. § 1391(b)(2) because one or more defendants reside or conduct regular business within this District of Columbia, and because a substantial part of the events or omissions giving rise to this fresh claim were authorized under the guise of the laws of the United States or occurred with permission from authorities within this locality.

## III.

## PARTIES

### A.      Plaintiff

4.      At all times mentioned herein, the plaintiff, Susan V. Klat ("**Plaintiff**"), is and was deemed a resident of the City and County of San Diego, California, for the alleged acts, constitutional violations, and damages claimed, and is a citizen of the United States.

### B.      Defendants

5.      At all times mentioned herein, the defendants, Angela D. Caesar ("**Caesar**") and James E. Boasberg ("**Boasberg**"), while performing within their scope of official duties and powers granted under federal authority, for the alleged acts, constitutional violations, and damages claimed, reside in *or* do regular business within the District of Columbia, and are believed to be residents and citizens of the United States.

6.      At all times mentioned herein, the plaintiff is unaware of the names of any potential

collaborating agents or other individuals employed by the United States District Court for the District of Columbia, aside from those already named in this complaint. Once the plaintiff identifies the official roles and true identities of the Defendants designated as "DOES," the plaintiff will amend this complaint to include the correct names of any additional parties responsible for impeding the plaintiff's right to access equal and fair treatment in the same manner granted to licensed attorneys when accessing and litigating matters in the United States District Court for the District of Columbia.

## IV.

## PROCEDURAL HISTORY – SUMMARY OVERVIEW

7.      On December 18, 2025, the plaintiff filed a Title 42 U.S.C. §1983 - Bivens complaint in the U.S. District Court for the District of Columbia, seeking damages for injuries sustained by two federal employees sued in their individual capacities while performing tasks under pretense of federal authority for the sole purpose of preventing the pro se plaintiff from accessing the right to litigate a civil rights complaint in this federal court. The plaintiff's documents, along with the filing fees, were received (but not acknowledged) by the clerk's office at the District of Columbia courthouse on December 22, 2025. Upon receipt of documents, the complaint and statement of related cases were assigned by **Angela D. Caesar** to an absentee judge (Amir H. Ari), who returned to the courthouse on January 12, 2026, with a mock ("non-existent") minute order notation entered in the online Pacer system on January 5, 2026, placing the forerunner case on indefinite hold until further notice. *(USDC, District of Columbia, Case # 25-cv-04509-AHA; EFC # 1 – 5.)*

8. On December 31, 2025, after correcting a defendant party's name, the plaintiff filed an amended complaint in this same case, noting the name change. The plaintiff also sent eight individual summonses, requesting that the court endorse the documents pursuant to Fed. R. Civ.

4

P., Rule 4, and return them to facilitate personal service on the parties named in the complaint. Additionally, the plaintiff submitted a motion requesting permission to file and receive documents via the electronic case filing (ECF) system, with the returned documents marked "Voided" by **Angela D. Caesar** on or after January 5, 2026, following email notification to the presiding judge-defendant, **James E. Boasberg**, and after the plaintiff forwarded concerns to the Chairpersons overseeing the House and Senate Judiciary Committees. *(USDC, District of Columbia, Case # 25-cv-04509-AHA; EFC # 5).*

9.    On January 17, 2026, the plaintiff received back copies of the clerk's deemed "correct endorsements" previously forwarded on December 31, 2025, with the summons unusable for distribution absent prior judicial permission granting the pro se plaintiff the right to proceed in court. This clerk generated activity was executed with full knowledge (telephone confirmed) that, in the absence of any prior written order or consent (minute order or otherwise) to a paid-in-advance civil rights case deemed on indefinite hold, that this action continues to prevent the plaintiff from proceeding in court and once again violates fundamental First, Fifth, and Fourteenth Amendment rights to redress grievances in the federal court system, with this guaranteed access to the courts uncensored and protected by and under the U.S. Constitution and federal law.

## V.

### **CAUSE OF ACTION**
### **Title 42 U.S. Code Section 1983**
### **(Civil Action for Deprivation of Rights)**
### **(Against All Defendants)**

10.    **Plaintiff** hereby re-alleges paragraphs 1 – 9, inclusive, and with the same force and effect, and by this reference hereby incorporates them in this single Cause of Action alleging First, Fifth, and Fourteenth Amendment violations to the U.S. Constitution as though fully set forth in detail herein as follows:

11.    **Plaintiff** alleges that, at all times mentioned herein, the **Defendants**, and each of them acting together and under the pretense of authority granted under federal law, knowingly behaved negligently, carelessly, recklessly, and with unlawful intent when performing acts known in advance to hinder the plaintiff's ability to receive fair and impartial treatment in the same manner afforded to licensed attorneys accessing federal court; and did so with the knowledge that these actions violate core constitutional rights, thereby obstructing her ability to seek redress in the same manner provided to practicing attorneys presenting cases in the United States District Court for the District of Columbia.

12.    **Plaintiff** further alleges that the actions of the two herein defendants named were carried out with full knowledge and premeditated intent, knowing in advance that their actions, performed under the color and authority of officers of the court, were violating the plaintiff's First, Fifth, and Fourteenth Amendment rights protected by the U.S. Constitution when treating the self-represented plaintiff with prejudice and indifference. Unlike the treatment given to licensed attorneys appearing in federal court, the defendants knew in advance that their actions were prejudicial and would prevent the plaintiff from accessing fair and impartial review by a federal officer whose sole role is to protect the U.S. Constitution and uphold federal law.

13. **Plaintiff** asserts that, as a direct result of the **defendants'** wrongful acts and/or omissions carried out under color, pretense, and federal authority, which have caused deliberate obstruction of her access to redress grievances in the United States District Court for the District of Columbia, she has suffered irreparable harm and continues to face denied access to the district courts due to discrimination. She also endures unimaginable loss and pain caused by this lack of access to justice, arising from the defendants' misuse of authority and concealment of the reasons behind the authorities' earlier acts of premeditated criminal targeting and unwarranted killing of her beloved but now deceased 25-year-old grandson, **Dejon Marques Heard**.

WHEREFORE, for the reasons stated above, Plaintiff prays for judgment against the Defendants, and each of them, for personal damages intentionally inflicted as follows:

1. For compensatory and general damages in an amount to be determined according to proof.

2. For past and future pain and suffering, and damages incurred from the personal loss associated with the defendant's action impeding the plaintiff's access to the courts, according to the proof.

3. For special and/or punitive damages according to proof:

4. For any pre and post-judgment interest on damages as allowed by law.

5. For recovery of all costs to pursue this lawsuit incurred herein; and

6. For any such further relief, this Court deems proper and just.

Dated: Monday, January 19, 2026

<div style="margin-left:50%">

Respectfully submitted,

Susan V. Klat, Plaintiff

*In Propria Persona*

</div>